UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sterling State Bank,

        Plaintiff,

v.                                                                           Civ. No. 06-4029 (JNE)
                                                                      ORDER

Steven Lee Mittelstaedt,

        Defendant.

_____

Sterling State Bank,

        Plaintiff,

v.                                                                           Civ. No. 06-4030 (JNE)
                                                                      ORDER

Christine Marie Fehr,

        Defendant.

_____

       Before the Court are Sterling State Bank's motions to withdraw reference of the above-captioned cases. The motions originate from separate adversary actions currently before the United States Bankruptcy Court for the District of Minnesota. The adversary cases were filed by Sterling against Chapter 7 debtors Steven Lee Mittelstaedt and Christine Marie Fehr, respectively, under 11 U.S.C. § 523(a) (2000). In those actions, Sterling alleges that each debtor has nondischargeable debt arising from allegedly fraudulent acts. Sterling also alleges violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968 (2000).

       In addition, Sterling separately filed a civil action against Robert Mittelstaedt, Juhl Stavnes, and Jodi LaCasse. *See Sterling State Bank v. Mittelstaedt*, Civ. No. 06-3836 (D. Minn.

filed Sept. 25, 2006) (USDC case). That case is not before the undersigned. Pursuant to the Court's internal procedures for determining the assignment of cases, the above-captioned adversary cases have been determined to be related. It has also been determined that the adversary cases are not related to the USDC case. Therefore, the USDC case will proceed separately. Sterling argues that reference of the adversary cases should be withdrawn and that they should proceed in this Court.

*1.     Permissive withdrawal*

A district court may withdraw a case "on timely motion of any party, for cause shown." 28 U.S.C. § 157(d) (2000). In determining whether to withdraw a case "for cause shown," the court considers whether the proceeding is "core" or "non-core" to the bankruptcy case. *See In re Eagle Enters., Inc.*, 259 B.R. 83, 87 (Bankr. E.D. Pa. 2001). The court also considers factors such as judicial economy, convenience, a court's knowledge of the facts, and conservation of debtor and creditor resources. *See In re Sevco, Inc.*, 143 B.R. 114, 117 (N.D. Ill. 1992).[1]

A proceeding is a "core" proceeding if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. *See In re Eagle Enters.*, 259 B.R. at 87. Sterling's claims against both Steven Mittelstaedt and Fehr involve the central question of whether each has nondischargeable debt. These claims invoke rights provided by title 11. *See* 28 U.S.C. § 157(b)(2)(I) ("Core proceedings [under title 11] include . . . determinations as to the dischargeability of particular debts."). In its complaints, Sterling acknowledges that the actions are core proceedings.

---

[1]     The court in *In re Sevco* also explained that the "legislative history of § 157(d) indicates that withdrawal is appropriate only in limited circumstances, to enforce Congress' intent to let expert bankruptcy judges determine Bankruptcy Code matters to the greatest extent possible." 143 B.R. at 116.

Sterling argues that withdrawal should be granted so the cases can be consolidated with the USDC case. However, as mentioned above, the adversary cases are not related to and will proceed separately from the USDC case. Therefore, considerations of judicial economy and convenience do not weigh in favor of withdrawal. Accordingly, the Court concludes that permissive withdrawal is not appropriate.

*2.     Mandatory withdrawal*

The district court "shall . . . withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Sterling argues that mandatory withdrawal is appropriate because the adversary cases require the determination of whether acts complained of constitute RICO violations.

Sterling points to no binding precedent regarding the interpretation of the term "consideration" in section 157(d). However, many courts require "substantial and material consideration" of non-title 11 issues to trigger mandatory withdrawal. *See, e.g.*, *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996) ("[M]andatory withdrawal is required only when [non-title 11] issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law.)"; *In re Auto Specialties Mfg. Co.*, 134 B.R. 227, 228 (W.D. Mich. 1990) (denying motion to withdraw reference; noting that RICO claim must be one that "requires not only *application* of non-Bankruptcy Code federal law, but one which requires significant *interpretation* thereof").

While Sterling contends that the cases at issue are dominated by RICO allegations, Sterling has made no showing that the cases will require "substantial and material consideration"

3

of RICO. In particular, Sterling has made no showing that the RICO issues presented will require more than the routine application of RICO law to facts presented. Accordingly, mandatory withdrawal is not appropriate. *See In re Vicars*, 96 F.3d at 954-55 (affirming denial of motion to withdraw in case involving RICO issues); *In re Laventhol & Horwath*, 139 B.R. 109, 114-116 (S.D.N.Y. 1992) (denying motion to withdraw reference; explaining that the application of RICO law will not involve novel issues, much less "substantial" interpretation of the RICO statute); *In re Auto Specialties Mfg.*, 134 B.R. at 228-29.[2]

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Sterling's motion to withdraw reference [Docket No. 4 in 06-CV-4029] is DENIED.

2. Sterling's motion to withdraw reference [Docket No. 1 in 06-CV-4030] is DENIED.

Dated: December 21, 2006

          s/ Joan N. Ericksen
          JOAN N. ERICKSEN
          United States District Judge

---

[2] The Court recognizes that at least one court has granted mandatory withdrawal in a case requiring what appears to be simply the application of facts to the elements of a RICO violation. *See In re Schlein*, 188 B.R. 13, 14 (E.D. Pa. 1995) (granting motion to withdraw where court called on to determine whether elements of a RICO violation have been established). However, the weight of authority requires more to trigger mandatory withdrawal.